FILED
June 5, 2020
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Criminal Number: 7:20-CR-00014-O |
| | § | |
| MIGUEL CLEMENTO BISHOP | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant's Motion to Reopen Detention Hearing, ECF No. 34, filed on June 1, 2020, and the Government's Response in Opposition to Defendant's Motion, ECF No. 37, filed on June 2, 2020. United States District Judge Reed O'Connor referred the Motion to the undersigned by electronic order entered on June 1, 2020. ECF No. 35. Based upon a review of the pleadings and applicable legal authorities, the undersigned recommends that Judge O'Connor **DENY** the Motion.

**I.   Introduction**

Defendant Miguel Clemento Bishop ("Defendant") was charged by a sealed Complaint filed on February 14, 2020 with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 1.

He made his initial appearance in this Court on February 19, 2020, was advised of his rights, and had counsel appointed to represent him. *See* ECF Nos. 5 and 6. The government previously having moved to detain him for the duration of the case, the Court ordered that he be detained temporarily pending a hearing on the government's motion. *See* ECF Nos. 4 and 8. The Court set a hearing on the government's detention motion and the preliminary hearing for February 24, 2020. ECF No. 8.

The detention and preliminary hearings were held as scheduled. ECF No. 9. The Court found probable cause to believe that criminal offenses had been committed as alleged in the Complaint, and that Defendant had committed the offenses. ECF No. 11. The Court also granted the government's motion for pretrial detention because the government proved by clear and convincing evidence that there was no condition or combination of conditions that reasonably would assure the safety of any other person and the community. ECF No. 10. The Court noted that the weight of the evidence against the Defendant was strong, he was subject to a lengthy period of incarceration if convicted, had a prior criminal history, a history of violence or use of a weapon, and a history of alcohol or substance abuse, and he lacked stable employment. *Id.* The Court also specifically noted that the nature and circumstances of the instant offense, including the presence of an illegally sized firearm and a controlled substance, supported a conclusion of Defendant's dangerousness to another person or the community. *Id.*

On March 4, 2020, Defendant was indicted by a grand jury on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 12. Defendant was arraigned on this charge on March 6, 2020 and he pleaded not guilty. ECF No. 15. Defendant was rearraigned via video teleconference on May 28, 2020, and he pleaded guilty to Count 1 of the indictment. ECF No. 31. The Defendant's sentencing hearing is set on October 2, 2020.

On June 1, 2020, Defendant filed the instant Motion to reopen his detention hearing pursuant to 18 U.S.C. § 3145(b), and the Fifth, Sixth, and Eighth Amendments to the United States Constitution, seeking immediate release from custody. Alternatively, he requests temporary release from custody under § 3142(i). Defendant seeks relief because of the current COVID-19 pandemic and the possibility that he will contract the virus while detained at the Wichita County

Jail. ECF No. 34 at 1. He asserts that his medical condition places him at an elevated risk for serious illness or death if he contracts COVID-19. *Id.* at 1-2. His current medical issues include congestive heart failure, history of a previous heart attack, high blood pressure, asthma, sleep apnea, and unnamed "other lung related issues." *Id.* at 2.

The government opposes the Motion and argues that the Defendant has: failed to present any basis for reopening or overriding the Court's order of pretrial detention under 18 U.S.C. § 3145(b); not demonstrated that the Motion is based on information that previously was unknown to him as would be required to reopen under § 3142(f); and not shown a "compelling reason" justifying release under § 3142(i). It argues that Defendant only raises generic concerns about the danger he faces from the present pandemic and that he has not otherwise shown entitlement to release on conditions pending sentencing. *See* ECF No. 32 at 8-13.

## II.   Legal Standards and Analysis

"The provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release." Fed. R. Crim. P. 46. Because Defendant was charged with an offense that involved the possession of a firearm, he was subject to pretrial detention at the time of his initial appearance. 18 U.S.C. § 3142(f)(1)(E). The Court held a hearing on the government's motion for pretrial detention and determined that Defendant should be detained pending trial because there was no condition or combination of conditions that would reasonably assure the safety of any other person and the community. ECF No. 10.

### A.   Defendant is not entitled to revocation of the detention order under § 3145(b).

"When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585-86

(5th Cir. 1992) (citing *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985)). However, as Judge Scholer recently wrote in a case in which the defendant sought revocation of a magistrate judge's detention order, "[a] defendant must seek review of a magistrate judge's detention order within fourteen days as prescribed by Fed. R. Crim. P. 59(a), or the 'right to review is waived, and review by the district court following such a waiver is discretionary and not a matter of right.'" *United States v. Pineda-Diaz*, No. 3:20-CR-004-S, 2020 WL 2747421, at *1 (N.D. Tex. May 26, 2020) (citing *United States v. Watts*, No. 3:09-CR-249-D (09), 2010 WL 11452009, at *1 (N.D. Tex. June 25, 2010) (citation omitted). Like the defendant in Judge Scholer's case, Defendant here did not seek relief from the Court's detention order until well after the fourteen-day period to object had passed. Consequently, he "waived his right to have [it] reviewed by the Court" as a matter of right. *Id.* For the reasons described below, Judge O'Connor should not exercise his discretion to revoke or amend the detention order and should deny Defendant's Motion.

      **B.**      **Defendant is not entitled to release under § 3142(f)(2).**

Section 3142(f)(2) provides that a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether" conditions of release could be placed on the defendant that would assure his appearance and the safety of any person or the community. 18 U.S.C. § 3142(f)(2). Defendant asserts that because of the pandemic, "circumstances were different" when he was detained originally, and the Court now confronts "a different reality from the one that existed when he was ordered held…." ECF No. 34 at 2.

The Fifth Circuit has interpreted § 3142(f)(2) to require both "new" and "material" evidence before a detention hearing may be reopened. *See United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989). "A

defendant seeking to reopen under Section 3142(f) must specify what new, material evidence justifies reopening a hearing in the first instance." *United States v. Parrish*, No. 3:19-cr-160-L, slip op. at 10 (N.D. Tex. May 20, 2020) (Horan, J.).

Defendant argues that he should be released because conditions have changed since his detention hearing, his underlying health conditions place him at a greater than normal risk from the effects of COVID-19, and if he becomes infected, he will pose a danger to the community because he will need to be treated aggressively in an "already burdened medical system." ECF No. 34 at 5. He argues that the Court's original reasons for ordering detention (weight of the evidence, lengthy period of incarceration, criminal history, history of alcohol or substance abuse, history of violence or use of a firearm, and lack of stable employment) "should no longer be an issue for this Court. However, if these issues remain a concern …, [Defendant] could be required to wear an electronic leg monitor ("ELM") device upon his release making [Defendant's] risk of release lower than originally determined." *Id.* at 8. Defendant suggests that he could be placed with his wife as a third-party custodian if he were released and could "stay in the family home and [sic] able to 'social distance' thus alleviating his risk." *Id.* at 8-9.

The government disagrees, noting that Defendant has not shown any "new" evidence justifying release and has not provided any information that has a bearing on his risk of flight or danger to others or to the community. ECF No. 37 at 5-6. The government recounts the factors mentioned by the Court in ordering detention and argues that Defendant has offered no "new" evidence to challenge the evidence underlying the Court's findings. *Id.* at 7-8. The government further asserts that the Defendant's generalized concerns about the virus are insufficient to warrant release and that the Wichita County Jail has taken steps to minimize the risk of infection to detainees such as Defendant. *Id.* at 8-9, 11-12.

When Defendant's detention hearing took place on February 24, 2020, the Court was aware of the novel coronavirus outbreak in China and the fact that people in the United States had tested positive for infection by the virus. However, the Court did not at that time know or foresee the extent to which the virus would spread and affect virtually the entire world. As Defendant correctly notes, "circumstances were different" on February 24. Nevertheless, the advance of the virus in the months since from primarily a localized outbreak in China to a global pandemic and Defendant's concern about possibly becoming infected with COVID-19 while detained in the Wichita County Jail pending sentencing are not material to the issue of Defendant's dangerousness to another person or the community.

The Court has recently considered other requests for relief from detention orders due to concerns over the COVID-19 pandemic and consistently has denied those requests. For example, in *United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741 (N.D. Tex. Mar. 26, 2020) (Horan, J.), the Court denied a defendant's request for pretrial release, in part due to the COVID-19 pandemic, following his previous waiver of his right to a detention hearing. In so doing, the Court determined that the defendant's generalized concerns about the pandemic did not "support reopening the issue of his detention as new information that has a material bearing on the issue whether there are conditions of release that will reasonably assure his appearance as required and the safety of any other person and the community." *Id.* at *4. *See also United States v. Parrish*, No. 3:19-cr-160-L (02) (N.D. Tex. Apr. 15, 2020) (Horan, J.) (order denying motion for release) (defendant asserting generalized concerns about COVID-19 pandemic not entitled to reopen detention hearing under 18 U.S.C. § 3142(f)(2)). Judge Cureton reached a similar result in *United States v. Bastida-Carranza*, No. 4:20-MJ-200, slip op. at 4 (N.D. Tex. Apr. 8, 2020) ("[T]he issues related to COVID-19 are not material to the issue of risk of flight or dangerousness.").

Applying these decisions to the facts of the case, the Court concludes that Defendant has not presented evidence that "has a material bearing on the issue whether there are conditions of release that will reasonably assure his appearance … as required and the safety of any other person and the community" as provided in 18 U.S.C. § 3142(f)(2)). Defendant's general concerns about the pandemic and its potential impacts on him do not affect the issues that the undersigned decided in his detention hearing. The pandemic itself is not relevant to the question of whether there is a condition or combination of conditions that the Court could impose that would reasonably assure that Defendant would not present a danger to another person or the community. Placing a monitor on Defendant's leg or releasing him to the custodianship of his wife, as he has requested, do not address the Court's concerns about his prior criminal history, the facts and circumstances of his arrest including his possession of a sawed off shotgun and controlled substance, his prior alcohol or substance abuse, history of violence or use of a weapon, and lack of gainful employment. Based on that evidence presented at the detention hearing, the undersigned concluded that detention was warranted. Defendant has offered no new evidence that has a "material bearing" on that point such that the Court should now release him on conditions.

The Court recognizes Defendant's significant medical conditions and does not lightly conclude that he has not presented a material reason for release from detention on conditions. However, the Defendant has not presented evidence that the Wichita County Jail is incapable of providing a safe environment for his detention or for addressing any outbreaks of the virus in the jail that might occur. He has not shown that he has been exposed to anyone there who was infected with COVID-19, nor has he presented any evidence that the preventive measures taken by the jail administration are insufficient to protect detainees and the county employees who work there. Although he expresses concern about the ability of the local healthcare system to care for him if

he became ill, and states that this might endanger others because of the resources needed to care for him, he has presented no evidence to show that the local hospital is not capable of treating him and other persons in accordance with all applicable standards of care. Under these circumstances, Defendant has not demonstrated that his detention hearing should be reopened. The undersigned therefore recommends that Defendant's Motion under 18 U.S.C. § 3142(f)(2) be denied.

      **C.**      **Defendant's request for temporary release under § 3142(i) should be denied**.

Defendant requests temporary release under 18 U.S.C. § 3142(i) on conditions of location monitoring and placement with his wife as a third-party custodian. Defendant bears the burden of showing that there is a compelling reason justifying his temporary release under this section. *United States v. Wright,* No. 3:18-cr-635-N, 2020 WL 1694298, at *4 (N.D. Tex. Apr. 7, 2020) (citing *United States v. Buswell,* No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013)). As with his request under § 3142(f)(2), the compelling reason Defendant offers to support this request is that his significant underlying medical conditions place him at greater risk for severe illness due to COVID-19.

With regard to arguments that fear of illness arising from the current pandemic justifies temporary release, Judge Ramirez wrote recently that "[t]he growing number of jurisdictions … have found that generalized COVID-19 fears and speculation are insufficient to meet [§ 3142(i)], and have instead looked to the specificity of the defendant's concerns in order to make an individualized determination of whether temporary release is warranted." *United States v. Hernandez*, No. 3:19-cr-346-K, 2020 WL 1876102, at *3 (N.D. Tex. Apr. 14, 2020). Although medical conditions have been found to justify temporary release, "relief has typically been granted only sparingly, such as where the defendant is suffering from a terminal illness or serious injuries." *Id.*

Defendant has argued that he has significant, serious medical conditions that place him at a greater risk of severe illness or death should he become infected with the virus. However, he has not presented evidence on any of the other factors considered by the courts in determining whether temporary release is warranted because of the particular facts of a defendant's case. He does not allege an outbreak of COVID-19 where he is detained. *United States v. Busby*, No. 2:19-cr-143-Z-BR (N.D. Tex. Mar. 30, 2020), slip op. at 5. He does not allege that he has been exposed to anyone who was symptomatic or who had tested positive for the virus. *See Wright*, 2020 WL 1694298, at *4. He does not assert that the facility where he is detained is inadequate to address his concerns regarding the virus. *Id.* at *6. His "generalized concerns alone are insufficient to show a compelling reason for temporary release." *Hernandez*, 2020 WL 1876102, at *4. The undersigned concludes that Defendant has not met his burden to show that temporary release under § 3142(i) is warranted due to his concerns about the COVID-19 pandemic.

**D. Defendant has not demonstrated constitutional grounds for his release.**

As noted above, Defendant requested relief, in part, under the Fifth, Sixth, and Eighth Amendments to the United States Constitution. ECF No. 34 at 1. Based on the facts and arguments he made, Judge O'Connor should not grant Defendant's Motion on constitutional grounds.

The Due Process Clause of the Fifth Amendment to the Constitution provides the basis for a pretrial detainee's constitutional rights concerning conditions of confinement. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). "As long as it is reasonably related to a legitimate governmental objective, pretrial detention without more does not amount to punishment; detention that is not reasonably related to a legitimate goal, or is arbitrary or purposeless, may constitute constitutionally prohibited punishment, however." *Hernandez*, 2020 WL 1876102, at *5. "Although the Fifth Circuit does not appear to have considered whether

continued pretrial detention in light of the COVID-19 pandemic violates the Due Process Clause of the Fifth Amendment, trial courts in this district have rejected such challenges." *Id.* (collecting cases). Defendant was charged with being a felon in possession, and he pleaded guilty to that charge. Detaining him to assure the safety of other persons and the community is reasonably related to the legitimate interests of government even in the COVID-19 pandemic. Accordingly, his continued detention does not violate the Due Process Clause of the Fifth Amendment, and Judge O'Connor should deny his Motion on this basis.

The Eighth Amendment and its protections against cruel and unusual punishment "are limited in scope to convicted prisoners and do not apply to pretrial detainees." *Morin*, 77 F.3d at 120. Thus, Defendant's claim for release under the Eighth Amendment is ill-founded and should be denied.

The Sixth Amendment provides a right to counsel to Defendant. However, Defendant did not explain why that amendment supports his claim for release. If he is asserting that he should be released because current restrictions on access to the Wichita County Jail affect his ability to consult with his attorney, his argument is not persuasive. Judge Horan found that the defendant in *Parrish* had likewise failed to properly explain how the Sixth Amendment justified his release due to the COVID-19 pandemic.

> As another judge explained when faced with a similar argument in this context, 'access to counsel is not a factor to be considered under 18 U.S.C. § 3142(g),' and 'even assuming that the restrictions on contact and communications with counsel identified by the defendant constitute an infringement of his Sixth Amendment rights, he has not cited any authority that his release is an appropriate remedy.'

*Parrish*, No. 3:19-cr-00160-L (N.D. Tex. May 20, 2020), slip op. at 17 (quoting *United States v. Robinson*, No. 20-cr-00008-GLR-1, 2020 WL 1820089, at *6 (D. Md. Apr. 11, 2020)). Like the defendants in *Parrish* and *Robinson*, Defendant here has not explained how the Sixth Amendment

justifies his release on conditions, and he has offered no authority for that proposition. Judge O'Connor should deny his motion on this ground.

There is no doubt that the present pandemic presents a global medical crisis. However, viewing the facts and arguments presented concerning Defendant's situation, the Court concludes that he did not meet his burden to show why he should be released pending sentencing. He did not object to the undersigned's detention order within the statutory period, nor did he show why Judge O'Connor should exercise his discretion to revoke or amend the order. He did not offer "new" and "material" evidence that justifies his release on conditions under 18 U.S.C. § 3142(f)(2). He did not meet his burden of showing a compelling reason for temporary release under 18 U.S.C. § 3142(i). Finally, he did not present arguments or evidence to support his claim that he should be released under the Fifth, Sixth, or Eighth Amendments to the Constitution. For these reasons, Judge O'Connor should **DENY** Defendant's Motion to Reopen Detention Hearing, ECF No. 34.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed June 5, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE